2  297
32  372

## MANUEL SORIA *v.* THE STATE.

1. INDICTMENT.—Property stolen was described in the indictment as "a certain mare, to wit, a certain sorrel mare (filly), three years old," etc. *Held,* that the indictment charges the theft of a mare.

2. ALLEGATA.—Unnecessary descriptive allegations do not vitiate an indictment, but impose upon the state the burden of proving them.

3. SEPARATION OF JURY.—Separation of a jury, or of one member from the rest, except with the permission of the court and consent of the parties, is prohibited by the Code, and ordinarily constitutes ground for new trial.

4. SAME—CASE STATED.—A juror left his fellows a short distance to attend a call of nature, but spoke with no one, and was in view of the bailiff. *Held,* not cause for a new trial.

5. CHARGE OF THE COURT.—It was proved that the owner's brand on the stolen animal had been changed, and the accused, being suspected, was asked why he had changed it, to which he replied that he had bought it from one D., and it was his property. But D. testified that he had never sold it, or any such animal, to the accused. On this proof the court below refused to charge the law relevant to a taking under honest claim of ownership. *Held,* that the ruling was correct.

APPEAL from the District Court of Wilson. Tried below before the Hon. E. LEWIS.

The opinion discloses the case.

*J. D. Wall,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WINKLER, J. It is objected in the motion in arrest of judgment that the indictment does not set forth any offense against the law in plain and intelligible words; and, 2d, that the indictment does not charge the theft of anything which is the subject of theft under the law.

The indictment is sufficient to charge the offense set out. It is assumed in argument, and in the motion in arrest of judgment, that the indictment charges theft of a *mare filly*—

a position which is not sustained by the record. The description of the property alleged to have been stolen is set out in the indictment as " a certain mare, to wit, a certain sorrel mare (filly), three years old," with the name of the owner, a description of the brand upon the animal, and its value. The indictment charges theft of a mare, which is an offense known to the law.

The effect of describing the property more minutely than necessary was to require of the state to prove that the property taken was of the description set out in the indictment. *Rose* v. *The State*, 1 Texas Ct. of App. 400. The court did not err in overruling the motion in arrest of judgment.

Several grounds are set out in the motion for a new trial. One of the grounds is that one of the jurors, during a recess of the court, and whilst the cause was on trial, separated himself from the rest of the jury, leaving them at the hotel and going a distance of about 150 yards, not being in charge of an officer, which is supported by the affidavit of one Wallace.

The affidavit of the juror alleged to have separated from his fellows was taken. He states that he, " having to satisfy the call of nature, separated from the balance of said jury, and repaired to a privy for the aforesaid purpose, and during the time he was thus separated he did not talk to or with any person whatever, but went to said privy and immediately returned therefrom to the jury; and that he was under the view of a baliff of said jury, and that said separation in no wise interfered with or influenced his finding a verdict in the cause."

The verdict of the jury impaneled for the trial of a felony ought never to have to be explained by affidavit or otherwise ; the conduct of the jury should be such as that it could not be called in question. A separation of the jury, or of one member from the balance, is prohibited by the

law, and for this cause a new trial should ordinarily be granted. In this instance, however, it seems that the spirit of the law was not violated by the temporary withdrawal of the juror, for the reason that during the time he was under the view of a bailff of the jury.

"After a jury has been sworn and impaneled to try any case of felony, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with the consent of the district attorney and the defendant, and in charge of an officer." Code Cr. Proc., Art. 605 (Pasc. Dig., Art. 3070).

During the progress of the trial, counsel for the defendant asked the following charge to be given to the jury: "If the jury believe the property, alleged in the indictment to have been stolen, was taken by the defendant publicly and under a claim of ownership, they must find him not guilty." This charge was refused, and the refusal to so charge is alleged in the motion for a new trial to be error. There was no error in refusing to give this instruction to the jury, because there was no evidence to warrant it. The court was only required to charge the law of the case as made by the evidence.

The only evidence on this proposition is that, when interrogated by the state's witness Delgado as to why he had been branding or changing the brand of this sorrel mare, the defendant said she belonged to him; that he had bought two colts, "Mavericks," from Philipe Cervantes, and this was one of them, and that he had taken her. But Philipe Cervantes, it is shown, was put upon the stand and testified that he had never sold the defendant any such animal; that he had never sold the defendant two colts of any kind.

The defendant proved by a witness that he took up a sorrel mare a short time before the finding of this indictment, and first tied her out in the chapparal, and then broke her to ride, but she was in a different brand from the

one alleged to have been stolen. This testimony did not require a charge on the subject of taking under an honest claim of right.

The court submitted the question of the guilt or innocence of the accused to the consideration of the jury, under the evidence, in what appears to be a fair and impartial charge as to the law applicable to the case as made by the evidence. The jury found him guilty, and for this purpose the evidence was sufficient. The testimony all seems to point in the direction of the guilt of the accused, except his own statement as to having purchased the two colts as above mentioned, which statement was disproved by the person from whom he claimed to have made the purchase.

From a careful consideration of the case as presented by the record, we would not be warranted in interfering with the verdict and judgment rendered.

The judgment of the district court of Wilson county in this case is affirmed.

*Affirmed.*